JOSEPH STIEGLITZ, JR., an Infant, by JOSEPH STIEGLITZ, SR., His Guardian ad Litem, Appellant, *v.* GEORGE F. STEWART and ROBERT STEWART, Respondents.

FLORENCE STIEGLITZ, Appellant, *v.* GEORGE F. STEWART and ROBERT STEWART, Respondents.

JOSEPH STIEGLITZ, SR., Appellant, *v.* GEORGE F. STEWART and ROBERT STEWART, Respondents.

Third Department, November 10, 1937.

*Leary & Fullerton* [*Walter A. Fullerton* of counsel; *James F. Carroll* with him on the brief], for the appellants.

*Carter & Conboy*, for the respondents.

RHODES, J. The action is for injuries sustained through the alleged negligence of the defendants in parking a truck in the night time on the traveled part of the Great Western Gateway bridge between the city of Schenectady and the village of Scotia, N. Y.

The truck ran out of gas and was stopped near the curb on the northerly side of the bridge facing west under one of the bridge lights, each alternate bridge lamp being lighted. There were flares on the truck but they had not been lighted or placed on the pavement.

The trial justice charged the jury that subdivision 17 of section 15 of the Vehicle and Traffic Law, requiring the carrying of emergency light equipment, had no application, stating: " In this case there were lights upon this bridge, and witnesses for the plaintiffs and for the defendants have testified that this bridge was brightly lighted. There was no obligation under the conditions testified to here to use such flares. That provision does not apply to the facts in these cases."

Exception to this part of the charge was taken in behalf of plaintiffs. We think the charge in this respect was erroneous; that it was for the jury to determine whether in the exercise of reasonable care the defendants should have placed lighted flares as a warning and that the question should not have been determined by the court as a matter of law. The evidence as to whether the accident was caused by the negligence of the defendants or by the negligence of the plaintiff driver was conflicting and sharply contested; we cannot say that the error was harmless.

The judgments should be reversed on the law and facts and a new trial granted, costs to the appellants in one action to abide the event.

HILL, P. J., McNAMEE, CRAPSER and BLISS, JJ., concur.

Judgments reversed on the law and facts and new trial granted, with costs to the appellants in one action to abide the event.